ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN -8  PM 4: 46

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## STATESBORO DIVISION

| | |
|---|---|
| LARRY WAYNE POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-68 |
| ) | |
| WARDEN GLENN RICH, DEPUTY ) | |
| WARDEN R. D. COLLINS, ) | |
| LIEUTENANT REGINALD ) | |
| LANGSTON, LIEUTENANT ) | |
| RODNEY McCLOUD, SERGEANT ) | |
| JASON D. BURNS, OFFICER ) | |
| DOUG WILLIAMS, OFFICER ) | |
| REGISTER, OFFICER MICHEAL ) | |
| BYRD, and OFFICER TOMMY ) | |
| OSBORNE,[1] ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on August 1, 2006. Doc. 1. Defendants Collins, McCloud, and Williams have filed a motion to dismiss. Doc. 3. Defendants Burns, Rich, Langston, Osborne, and Byrd each filed separate motions to dismiss, in which they

---

[1] The Clerk is DIRECTED to correct the docket to reflect the proper spelling of the names of defendants Langston, Byrd, and Osborne.

adopted and incorporated by reference the arguments, citations to authority, and exhibits presented in the motion filed by defendants Collins, McCloud, and Williams. Docs. 5, 6, 8, 10, 11. For the following reasons, defendants' motions to dismiss should be GRANTED and plaintiff's complaint should be DISMISSED.

## I. Background

In his complaint, plaintiff alleges that on August 19, 2004, while he was incarcerated at the Rogers State Prison in Reidsville, Georgia, "Warden Rich ordered that [p]laintiff be taken out of his cell and beaten to 'teach him a lesson.'" Doc. 1, ¶7. Plaintiff further alleges that he was taken to the shower area of the isolation unit, where defendants McCloud, Langston, Burns, Register, and Williams, using black leather gloves "designed for hitting," brutally beat and kicked plaintiff while he was restrained with his hands in handcuffs behind his back. Id. Plaintiff states that this alleged beating took place in the presence of Warden Rich and Deputy Warden Collins. Id.

Plaintiff claims that on December 14, 2004, Warden Rich again

ordered that plaintiff be beaten. He was taken to the shower area and restrained with his hands cuffed behind his back. Defendants Burns, Byrd, and Osborne wore the black leather gloves to beat him, and they also kicked him. Id. at ¶9. Plaintiff states that after both of these incidents, he was denied medical treatment. Id. at ¶11. Plaintiff further alleges that he was threatened after both beatings that if he told anyone or filed a grievance regarding the alleged beatings, he would be beaten again. Id. at ¶10. Plaintiff avers, in conclusory fashion, that he exhausted his available administrative remedies. Id. at ¶5.

Plaintiff states that defendants' conduct violates "the Constitution, treaties, and laws of the United States and the Constitution and laws of the State of Georgia," and that their actions constitute "torture" within the meaning of 18 U.S.C. § 2340, the statute codifying the United Nations Convention Against Torture. Id. Defendants contend that plaintiff's complaint fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Doc. 3. Defendants further contend that plaintiff has failed to exhaust his administrative remedies. Id.

## II. Analysis

Prior to bringing an action under any federal law challenging the conditions of his confinement, a prisoner is required to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The Eleventh Circuit has made clear that this mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Knuckles v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

The United States Supreme Court has recently reiterated the

mandatory nature of the exhaustion requirement.  See Porter v. Nussle, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).  Furthermore, the PLRA "requires proper exhaustion."  Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006).  An inmate must "us[e] all steps" in the administrative process and comply with any administrative "deadlines and other critical procedural rules" before exhaustion is proper.  Id. at 2385-86 (internal quotation omitted).  Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," an inmate has not properly exhausted his administrative remedies.  Id. at 2382; see also Lambert v. United States, 2006 WL 2468533 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations").  If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims.  Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).  "[A] Georgia prisoner 'must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures'" in order to exhaust his administrative remedies

properly. Salas v. Tillman, 162 Fed. Appx. 918, 920 (11th Cir. 2006) (quoting Johnson, 418 F.3d at 1155).

In Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), the Court considered the proper pretrial motion for asserting that a prisoner has failed to exhaust his administrative remedies under the PLRA. The Court reasoned "that the failure to exhaust nonjudicial remedies that are not jurisdictional should be treated as a matter in abatement, which is subject to an *unenumerated* Rule 12(b) motion rather than a motion for summary judgment." Id. at 1119 (emphasis added). Because a motion contesting a prisoner's exhaustion of administrative remedies does not reach the merits of his underlying claim, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. If the resolution of the motion leads the Court to conclude that the prisoner has not exhausted his administrative remedies, the Court should then dismiss the prisoner's claim without prejudice.

Like the Court in Wyatt, this Court finds that a motion to dismiss a prisoner's suit on the non-jurisdictional ground that he has failed to exhaust his administrative remedies under § 1997e(a) raises a matter of

abatement subject to "an unenumerated" Rule 12(b) motion to dismiss.[2] Wyatt, 315 F.3d at 1119.  See 5C Federal Practice and Procedure § 1360 (noting that the federal courts "traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules or by statute.").

The Georgia Department of Corrections has adopted a three-step grievance process requiring a prisoner who has a complaint about his treatment or prison conditions to first file an informal grievance.  Doc. 3, Ex. 1.  Plaintiff concedes in his response to defendants' motion to dismiss that he did not file a grievance.  He states that he "did not file a grievance concerning being beaten because the grievances [sic] procedure was not practically available at Rogers State Prison" because plaintiff "was threatened with being beaten again if he filed a grievance about being beaten and he was actually beaten again."  Doc. 7.  The Eleventh Circuit, however, recently held that the exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beaten if he complained.  Garcia v. Glover, 2006 WL 2769309, *2 (11th Cir. 2006)

---

[2]Recently, the Supreme Court noted "that the PLRA exhaustion requirement is not jurisdictional."  Woodford, 126 S. Ct. at 2392.

7

(dismissing inmate's complaint for failure to exhaust administrative remedies despite his fear that prison officials "most likely" would have "killed" him or "shipped" him out if they learned that he had filed a formal administrative complaint against them). Plaintiff argues that there is "general knowledge of the pattern and practice of brutally retaliating against inmates who file grievances complaining about being beaten." Doc. 7. The Supreme Court, however, has explained that the exhaustion requirement applies even to the prisoner alleging that the use of excessive force is a "prevailing" or "general circumstance" at his place of incarceration. Porter, 534 U.S. at 531-32.

Furthermore, nothing before the Court indicates that plaintiff attempted to utilize the emergency grievance procedure available at the prison or attempted to submit an out-of-time grievance by demonstrating good cause to excuse his failure to file a grievance related to the allegations of the instant case in a timely manner. The grievance procedure provides that an inmate may file an emergency grievance "[i]n a situation involving potential irreparable harm to the inmate . . . so that immediate action can be taken to protect the health, safety, and welfare of the inmate." Doc. 3,

Ex. 1 ¶ 8. Plaintiff, however, failed to file such an emergency grievance. Id. at ¶ 10. Plaintiff also failed to file an out-of-time grievance concerning the allegations raised in his complaint. Id. Thus, plaintiff failed to "exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." Garcia, 2006 WL 2769309 at *2. Because exhaustion is a pre-condition to suit, plaintiff's complaint should be dismissed in its entirety.

### III. Conclusion

Based on the foregoing, plaintiff failed to exhaust the administrative remedies available to him before bringing the instant suit. Accordingly, defendants' motions should be GRANTED and plaintiff's complaint should be DISMISSED without prejudice.[3]

**SO REPORTED AND RECOMMENDED** this _8th_ day of **January, 2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3]Because the Court finds that plaintiff has failed to exhaust his administrative remedies, it does not need to address the remaining grounds of defendants' motion.